IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRE LABORATORIES INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-cv-1367 |
| | ) | Judge Castillo |
| | ) | Mag. Judge Cole |
| v. | ) | |
| | ) | *Related Case*: |
| | ) | No. 06-CV-2266 (SRC) (MAS) |
| COREPHARMA LLC, | ) | U.S. District Court for the |
| | ) | District of New Jersey |
| Defendant. | ) | |

BRIEF OF FLUID AIR, INC. AND DON VERBARG
IN OPPOSITION TO SHIRE SUBPOENAS

Shire Laboratories, Inc. ("Shire") has moved this Court to enforce two subpoenas served on or about January 7, 2008; one being upon Fluid Air, Inc. through its PharmPro Services Division ("Fluid Air"), and the other on Fluid Air's employee Don Verbarg ("Verbarg"). [1]

All discovery in the underlying Shire v. Corepharma litigation, pending in the District of New Jersey, closed on January 31, 2008. We are informed that Shire has tried to get the New Jersey Court to extend or re-open discovery in this 2006 case without success. Despite all this, Shire filed the present motion on March 7, 2008 in an attempt to enforce the January 7, 2008 subpoenas.

---

[1] Shire moved for leave to file its entire 139-page motion and exhibits "under seal", apparently in ignorance of this Court's Local Rule LR26.2 which provides "No attorney or party may file a restricted document without prior order of court specifying the particular document or portion of a document that may be filed as restricted" (emphasis supplied). Shire's motion was thus at least technically improper.

- 1 -

Fluid Air and Verbarg, after receiving the subpoenas in question, served timely objections on January 11, 2008, pursuant to Rules 45(c)(1)(B) and 45(e), Federal Rules of Civil Procedure.  (A copy of that objection is attached as Appendix A.)

Fluid Air and Verbarg timely and properly objected to the subpoenas for the following reasons:

1. Both subpoenas demand that Fluid Air and Mr. Verbarg appear to produce documents and to be deposed at the offices of Shire's attorneys in New York City, which are at least 900 miles away and far beyond the reach of a Rule 45 third-party subpoena.  Rule 45(e) <u>expressly excuses</u> failure to obey such an extra-territorial subpoena in the following words:  "*An adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A)*".  The refusal of Fluid Air and Mr. Verbarg to comply with the subpoenas was proper for this reason alone.

2. In addition, the undersigned counsel, who is Fluid Air's principal and sole attorney in all litigation matters, was unavailable to participate in the subject proceedings on the dates specified because of prior trial commitments, to be followed by a two-week vacation in Paris with his wife to commemorate their 40th wedding anniversary.

3. Further, the documents requested to be produced by Fluid Air included substantial amounts of proprietary and confidential information belonging to Fluid Air's valued customer Corepharma LLC, to which Fluid Air

was bound by its own ethical obligations, and by custom and practice in the trade, not to reveal to any third party without (1) the consent of its customer, or (2) a lawful order of a court of competent jurisdiction.

4.      Finally, the list of documents requested by Shire's document subpoena was additionally overly broad and burdensome in that it would have necessarily included, in addition to Corepharma LLC's proprietary and confidential information, Fluid Air's own proprietary trade secrets and business confidential information.

For all of the foregoing reasons, Fluid Air and Mr. Verbarg timely objected to Shire's subpoenas. However, in the spirit of cooperation, they did not close the door on reaching some reasonable compromise in view of the then-imminent expiration of Shire Laboratories' discovery period on January 31, 2008 (which has not been extended as far as we know.)

As the undersigned proposed in a January 29, 2008 email to Shire's attorney Robert Colletti:

> From:    George Bullwinkel
> Sent:    Tuesday, January 29, 2008 10:00 PM
> Subject: Fluid Air Documents
>
> Rob:
>
> I'm not trying to make life hard for you, but you have put yourself in a difficult position. You served a clearly unenforcible subpoena on a non-party whose lawyer is totally tied up in trial, and then leaving on Sunday for two weeks in Paris. I'm inclined to remind you of the expression "your lack of planning is not my emergency".
>
> But neither Fluid Air nor I want to obstruct any reasonable need for documents, subpoena or not. So I suggest the following. (1) Get in touch with opposing counsel and agree on what documents are truly relevant, (2) draft a subpoena that narrowly covers just those documents, (3) get your opponent's written

> consent for Fluid Air to let you have them, and (4) either send someone to Fluid Air to copy them, or agree to pay Fluid Air $150 an hour to do it for you.
>
> If you will do all of this, I will give you permission to contact Fluid Air's president Martin Bender directly to make arrangements for the copying, shipping and payment. While I am gone he can probably contact me by email if there are any questions or issues. Failing that, I'm afraid you aren't going to make your January 31 discovery deadline.
>
> Regards,
>
> George Bullwinkel

One might have thought that this proposal would have solved Shire's problem, but apparently not. On returning from France, the undersigned summarized the situation as he found it at that time:

> From:    George Bullwinkel
> Sent:    Wednesday, February 20, 2008 10:58 AM
> Subject: PharmPro Subpoena
>
> Robert:
>
> Having just returned from two weeks in Paris (delightful, thank you), I finally got to your latest email this morning. I also learned from your opposing counsel that your discovery deadline passed three weeks ago and your efforts to extend it are apparently stuck on Judge Shipp's desk.
>
> Fluid Air /PharmPro is not eager to open its files on a valued customer to a litigation opponent without a valid subpoena. If your discovery is re-opened, I am sure you can easily obtain one. Then, rather than now, would seem to me a better time to resume discussions on when and where the documents and witnesses can be produced for your inspection and depositions.
>
> Regards,
>
> George

It is thus evident that Shire's professed discovery problem is entirely of its own making. It has no reason to do an end-run around the New Jersey federal court where the underlying action is pending by asking this Court to enforce subpoenas which are now as defunct as they are defective.

- 5 -

Shire's path to relief is simple. All it has to do is (1) get an order from the New Jersey court re-opening discovery, and then (2) arrange to properly issue whatever Rule 45 subpoenas deems necessary, without demanding that everything and everyone be produced New York City.

Respectfully submitted,

/s/ George Bullwinkel
Attorney For Fluid Air, Inc. and
Donald Verbarg

Date: March 26, 2008

George E. Bullwinkel
Bullwinkel Partners, Ltd.
19 S. LaSalle Street, Suite 1300
Chicago, Illinois 60603-1493
Phone 312-201-0777
Telefax 312-201-0737
e-mail: geb@bullwinkel.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 26, 2008, one copy of the foregoing BRIEF OF FLUID AIR, INC. AND DON VERBARG IN OPPOSITION TO SHIRE SUBPOENAS was served by first class mail, postage prepaid, and also by telefax, on the following counsel of record:

Dean A. Munro
Wood Phillips Katz Clark & Mortimer
500 W. Madison Street, Suite 3800
Chicago, IL  60661
Tel 312-876-1800
Fax 312-876-2020

Robert E. Colletti
Frommer, Lawrence & Haug, LLP
745 Fifth Avenue
New York, NY 10151
Tel 212-588-0800
Fax 212-588-0500

With a copy to:

William A. Alper, Esq.
Cohen Pontani Lieberman & Pavane LLP
551 Fifth Avenue
New York, NY 10176
Tel 212- 687-2770
Fax 212- 972-5487

Keith Rockey
Rockey, Depke & Lyons
233 S. Wacker Drive, Suite 5450
Chicago, IL  60606
Tel 312-4441-0570
Fax 312-277-2006

/s/ [signature]
Attorney for Fluid Air, Inc. and Donald Verbarg