**EXHIBIT B**



**COHEN PONTANI LIEBERMAN & PAVANE LLP**
551 Fifth Avenue, New York, NY 10176  *phone* 212.687.2770  *fax* 212.972.5487  www.cplplaw.com

February 1, 2008

By ECF

Honorable Michael A. Shipp
United States Magistrate Judge
Martin Luther King Jr. Federal Building
  & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

William A. Alper
Partner

walper@cplplaw.com
Direct Dial: 212-991-6353

Re:  Shire Laboratories Inc. v. Corepharma LLC
     Civil Action No. 06-cv-2266 (SRC)(MS)
     Our ref.:  4753-65L

Dear Judge Shipp:

We, along with Eric I. Abraham of Hill Wallack LLP, represent defendant Corepharma LLC in this action. We write in opposition to the request by Shire for permission to take discovery of PharmPro and one of its employees after the close of fact discovery on January 31, 2008.

Shire has known since April 25, 2006 that PharmPro is the manufacturer of the contents of Corepharma's generic carbamazepine capsules, the product which Shire alleges will infringe its patent. On that date Corepharma produced parts of its ANDA to Shire which identified PharmPro as a contract manufacturer Corepharma had engaged and detailed some of what PharmPro's duties were to be. Shire produced additional documents detailing PharmPro's role in the manufacture of the product on July 12, 2007. Corepharma witnesses have testified concerning PharmPro's role in response to questions from Shire's counsel at deposition. There is no reason Shire could not have sought discovery from PharmPro and Mr. Verbarg and completed it during 1996 or 1997, but during all that time Shire made no effort to obtain discovery of any kind from PharmPro. Shire offers no explanation for its failure to seek discovery from PharmPro during 1996 or 1997, much less one which justifies its request to extend the discovery deadline.

The subpoenas Shire served on PharmPro and on Mr. Verbarg are unenforceable. They were served on PharmPro, located in Illinois, and on Mr. Verbarg, a resident of Illinois, demanding that Mr. Verbarg appear for deposition in New York City and that Corepharma produce documents in New York City.

Conducting this discovery in mid-February in Illinois, requiring Corepharma's counsel to travel there, will also interfere with the parties' preparation of their initial expert reports, which are due on February 21 (D.E. 198). Traveling to Illinois for document production and the deposition of a fact witness which could have been completed at almost any time between April 25, 2006 and January 31, 2007, would be an unnecessary distraction and an imposition.



Honorable Michael A. Shipp, U.S.M.J.
February 1, 2008                                                                 page 2

Shire's counsel notes that the parties agreed that Corepharma could take the deposition of Dr. Couch in February. That has nothing to do with Shire's effort to obtain belated discovery from PharmPro that it could have conducted at any time over the past 21 months. Corepharma noticed Dr. Couch's deposition in December 2007 and was not advised by Shire until January 17, 2008 that he would not be made available until February 15, but his appearance then was confirmed. Under the circumstances, we saw no point in additional motion practice and agreed to the date.

Respectfully,
COHEN PONTANI LIEBERMAN & PAVANE LLP

William A. Alper


Cc:   Porter F. Fleming, Esq. (via ECF)
      Arnold B. Calmann, Esq. (via ECF)
      Eric I. Abraham, Esq.



**COHEN PONTANI LIEBERMAN & PAVANE LLP**
551 Fifth Avenue, New York, NY 10176  *phone* 212.687.2770  *fax* 212.972.5487  www.cplplaw.com

February 5, 2008

By ECF

William A. Alper
Partner

walper@cplplaw.com
Direct Dial: 212-991-6353

Honorable Michael A. Shipp
United States Magistrate Judge
Martin Luther King Jr. Federal Building
   & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *Shire Laboratories Inc. v. Corepharma LLC*
       06-cv-2266 (SRC)(MS)
       Our ref.: 4753-65L

Dear Judge Shipp:

Along with Eric I. Abraham of Hill Wallack LLP we represent defendant Corepharma in this action. We write to correct a misstatement in Mr. Fleming's letter to Your Honor yesterday concerning Shire's request to extend fact discovery to obtain documents and testimony from a non-party, PharmPro.

Mr. Fleming asserted that in the deposition of a Corepharma witness, Mr. Gande, "Mr. Verbarg [of PharmPro] was identified as the most knowledgeable individual regarding the manufacturing of Corepharma's product." In fact, Mr. Gande himself was "identified as the most knowledgeable individual regarding the manufacturing of Corepharma's product." That is why Corepharma designated Mr. Gande to testify on its behalf pursuant to a Rule 30(b)(6) notice of deposition concerning "the research, development and manufacture of Corepharma's products." Further, Mr. Gande's actual testimony on December 21 is rather different from Mr. Fleming's paraphrase of it:

> Q. Who is the most knowledgeable person **at PharmPro** with regards to the manufacturing of carbamazepine?
>
> A. **I don't know. But if I have to guess**, it's Don. Don Verbarg.

(Gande Dep., 21 December 2007, p. 135, lines 3-7) (Emphasis added).

 **Hon. Michael A. Shipp**
**February 5, 2008**                                                                                                            page 2

Respectfully,
COHEN PONTANI LIEBERMAN & PAVANE LLP

William A. Alper